**UNITED STATES of America**

v.

**Brett C. KIMBERLIN.**

**IP 79-7-CR.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Nov. 5, 1979.

Virginia Dill McCarty, U. S. Atty., and First Asst. U. S. Atty., Bernard L. Pylitt, Indianapolis, Ind., for plaintiff.

Michael L. Pritzker and Gerald H. Goldstein of Stroup, Goldstein, Jacobs, Jenkins & Pritzker, San Antonio, Tex., and Richard Kammen, McClure, McClure & Kammen, Indianapolis, Ind., for defendant.

ENTRY FOR NOVEMBER 1, 1979

NOLAND, District Judge.

Comes now the defendant by counsel and files his Petition for Bond Reduction in the above captioned cause. Hearing having been held, witnesses having been sworn, argument had, and the Court being duly advised in the premises, now does hereby reconsider the defendant's bond in the above captioned cause heretofore reduced by the Court to the amount of $800,000 with corporate surety, and does now hereby again reduce the defendant's bond, and hereby sets the current bond in the amount of $450,000 with corporate surety pursuant to Title 18, United States Code, Sections 3146(b) and 3146(d) and would state the following reasons for continuing the requirement of a corporate surety bond:

1. The indictment in the above captioned cause includes 34 counts, including the possession of unregistered destructive devices, the unlawful manufacturing of destructive devices, the malicious damage by means of explosives causing personal injury to another individual, the malicious damage to property by means of explosive devices, the receipt of explosives by a convicted felon, the interstate transportation of ammunition by a convicted felon, possession and illegal use of Department of Defense insignia, the illegal use of the presidential seal of the United States, and impersonation of federal officers or employees.

2. The maximum penalty upon conviction for each of these charges results in a possible period of imprisonment of 269½ years, fines of up to $250,000, or both.

3. The defendant, in 1974, was previously convicted on a charge of perjury in the Southern District of Indiana.

4. The defendant is currently under indictment from the Southern District of Texas charging him with four counts of conspiracy to import marijuana, conspiracy to distribute marijuana, importation of marijuana, and distribution of marijuana. That matter is currently set for trial on Tuesday, November 13, 1979, and the defendant has been released by the court in Texas on a $50,000 bond with 10% cash being deposited with the court.

5. The defendant has frequently traveled outside the state of Indiana and has left the country including travels to the country of Mexico.

6. The defendant has an airplane pilot's license and in the past has had a partial ownership of his own airplane.

7. The defendant is not currently a businessman as alleged in the defendant's petition for bond reduction, having disposed of all such assets.

8. The defendant has no current permanent residence.

9. The defendant is not currently employed.

10. The Court finds that a bond in the amount of $450,000 with corporate surety would be necessary to reasonably assure the defendant's appearance in the Southern District of Indiana for any hearing or trial in the above captioned cause.

IT IS THEREFORE NOW ORDERED:

1. That the bail for defendant Kimberlin is set at $450,000 with corporate surety.

2. That the defendant shall be returned forthwith to the Southern District of Texas, Houston Division, as required by a Writ heretofore received.

3. The various motions of the defendant which have heretofore been filed will be set for such proceedings as necessary, including evidentiary hearing and oral argument, following the final disposition of the defendant's case in the Southern District of Texas and upon his return to the jurisdiction of the Southern District of Indiana.

4. That the defendant's motion for continuance of the trial date in this cause which had heretofore been set for November 5, 1979, is now granted; said cause to be reset for trial after ruling upon defendant's pending motions.